**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GLENDA BOCKSNICK                                                              PLAINTIFF

VS.                           CASE NO. 5:07CV00082 JMM

JEFFERSON COUNTY, ARKANSAS, AND
JERRERSON COUNTY CIRCUIT CLERK'S OFFICE[1]                      DEFENDANTS


**ORDER**

Pending is defendants' motion for summary judgment to which plaintiff has responded.

Plaintiff  brings suit contending that defendants discriminated against her when they failed to

relocate her office, raise her salary, or promote her in violation of Title VII, 42 U.S.C. § 2000e *et*

*seq.,* based upon her race and in retaliation for filing a charge with the Equal Employment

Opportunity Commission ("EEOC").  Defendants contend that plaintiff has failed to establish a

*prima facie* case of racial or retaliatory discrimination and, further, that defendants had a

legitimate, nondiscriminatory reasons for their actions which plaintiff has failed to establish were

a pretext for discrimination.

For the reasons state below, the motion is granted (#14).

I. *Facts*

Plaintiff who is Caucasian has been an employee of the Jefferson County Circuit Clerk's

Office since September of 1985.  Including the current EEOC charges, plaintiff has filed six

EEOC charges alleging either race, retaliation, or age discrimination against four different

---

[1]Based upon a stipulation of the parties, the Clerk of the Court is directed to terminate the Jefferson County Circuit Clerk's Office as a defendant.

Jefferson County Circuit Clerks.  In the 1995 EEOC case, she entered into a settlement

agreement whereby she was assigned to work at the Jefferson County Juvenile Detention Center

which is located in an office separate from the other Clerk's deputies.

Plaintiff's current complaint is based upon two EEOC charges against two separate

Jefferson County Circuit Clerks.  The 2006 EEOC charge is against Flora Cook who served as

the acting Circuit Clerk from April of 2005 until December 31, 2006, and alleges retaliatory

discrimination.  The 2007 EEOC charge is against Annette Branch who served as elected Circuit

Clerk from January 1, 2007, until August of 2007 and alleges racial and retaliatory

discrimination.  Branch resigned in August of 2007 and was replaced by Cook who, again, is

serving as the appointed Clerk until her successor is elected in the general election of 2008.

Both Cook and Branch are African-Americans.

Plaintiff's 2006 charge states:

I was hired on September 3, 1985 as a deputy clerk.  Between June 15, 2006 and
August 31, 2006, I was informed that three clerk positions (Real estate clerk [sic],
Chief Deputy Clerk, Floating Clerk) with more pay than my current position
became [sic] were vacant.  On multiple occasions, I expressed an interest (verbally
and in writing) in being considered for the open positions.  All the open positions
were filled with less qualified employees or new hires.

I was told by the Circuit County Clerk that she would get back to me in regard to
my request for consideration.

I believe I was denied a promotion in retaliation for filing a charge of
discrimination with the EEOC in violation of Title VII of the Civil Rights Act of
1964, as amended.

During Cook's first tenure as acting Circuit Clerk, she did not fill the positions of chief

deputy clerk and the floating clerk.  Cook hired Jurleen Terrall, a Caucasian, as the real estate

clerk prior to June 15, 2006.   During Cook's tenure as acting Circuit Court Clerk she hired two

Caucasians and two African-Americans.

Plaintiff's 2007 EEOC charge states:

I was hired on or about September 3, 1985 as a clerk.  On or about December 20,
2006, I met with the newly elected Circuit Clerk and requested a raise or a
promotion.  On January 9, 2007, I  met with the Circuit Clerk again and requested
a raise or promotion.  On January 11, 2007, I  met with the Circuit Clerk and
requested to be moved to the Jefferson County Circuit Clerk's office.  On
February 20, 2007, I asked about raises and promotions and was informed that the
vacant positions were all filled and that some of the clerks in the Jefferson County
Circuit Clerk's office were given raises when I was not.

I was told by the Circuit Clerk that the clerks in her office were extremely busy;
that she thought I liked being in a separate building; and that she would see what
she could do about promotions and raises.

I believe I was denied a move to the County Clerks [sic] office, and was denied
raises and promotions because of my race, white, and in retaliation for filing a
charge with the EEOC in violation of Title VII of the Civil Rights Act of 1964, as
amended.

During Branch's tenure as Circuit Clerk she appointed Flora Cook, an African-American,

to the chief deputy spot with a raise and rehired Janice Turner, an African-American, to fill the

real estate division vacancy.   Branch also hired Chitquita Little, an Asian, and Gina Viray-Raley,

an African-American, at a salary of approximately $19,000.00 a year which was $5,000.00 a year

less than plaintiff was making at the time.  All of these people hired worked in the main office of

the Circuit Clerk's office.

## II.  *Analysis*

Summary judgment is warranted when "the evidence, viewed in a light most favorable to

the non-moving party, demonstrates that there is no genuine issue of material fact, and that the

moving party is entitled to judgment as a matter of law." *Gordon v. Shafer Contracting Co.*, 469

F.3d 1191, 1194 (8th Cir. 2006) (quotation omitted).  In the employment-discrimination context, a plaintiff may avoid summary judgment if she presents evidence "sufficient for a reasonable factfinder to infer that the employer's decision was motivated by discriminatory animus." *Dionne v. Shalala*, 209 F.3d 705, 709 (8th Cir. 2000) (quotation omitted).

Absent direct evidence of discrimination, the Court employs the familiar *McDonnell Douglas* burden-shifting framework to conduct an analysis under Title VII employment discrimination cases. *See Turner v. Honeywell Fed. Mfg. & Techs*., *LLC*, 336 F.3d 716, 720 (8th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).  "Under the McDonnell Douglas framework, a presumption of discrimination is created when the plaintiff meets [her] burden of establishing a *prima facie* case of employment discrimination.  A minimal evidentiary showing will satisfy this burden of production." *Pope v. ESA Services, Inc*., 406 F.3d 1001, 1006-1007 (8th Cir. 2005) (citations omitted).   Once a plaintiff successfully establishes a *prima facie* case, the burden shifts to the employer to articulate "a legitimate, non-discriminatory reason for its adverse employment action." *Davis v. KARK-TV, Inc*., 421 F.3d 699, 704 (8th Cir. 2005) ( citing *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1309 (8th Cir.1994)).   If the employer meets its burden, "the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered justification is merely a pretext for discrimination." *Pope v. ESA Services, Inc*, 406 F.3d at 1007. The plaintiff has the burden of persuasion at all times.  *Id.*

I.  *Plaintiff's 2006 Claim Against Defendant Cook For Retaliation*

An employer may not discriminate against an employee who "has opposed any practice" made unlawful by Title VII, or "made a charge, testified, assisted, or participated in any manner

in an investigation, proceeding or hearing" under the statute.  42 U.S.C. § 2000e-3(a).  To establish a *prima facie* case of retaliation, plaintiff must demonstrate that (1) she engaged in statutorily protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *See Weger v. City of Ladue*, 500 F.3d 710, 726 (8th Cir. 2007) (citations omitted).

The first two elements of plaintiff's *prima facie* case have been established as it is undisputed that plaintiff filed EEOC complaints against several Circuit Clerks and Cook failed to promote plaintiff, to relocate her office, or to give her a pay raise.  However, plaintiff's *prima facie* case fails on the third element because she has failed to produce sufficient evidence for a reasonable jury to conclude that Cook's inactions were causally linked to plaintiff's EEOC complaints.

A causal connection between the protected activity and the adverse employment action can be established if there is a proximity in time between the two events.  *See Strate v. Midwest Bankcentre, Inc*., 398 F.3d 1011, 1020 (8th Cir.2005) (temporal proximity between the protected activity and the adverse action can be sufficient to create an inference of retaliation); *Smith v. Allen Health Sys., Inc*., 302 F.3d 827,  832-33 (8th Cir. 2002) (When temporal proximity is the only evidence of a causal connection, such proximity "must be very close." ). Here, the interval between the times plaintiff filed the EEOC charges against previous Circuit Clerks and the adverse employment action taken by Cook is insufficient to establish a causal connection.

Plaintiff's testified that Cook retaliated against her because (1) Cook made a statement in 1993 or 1994 that Cook did not like white people; (2) Cook made a statement many years ago that plaintiff would never advance any higher in the clerk's office; (3) plaintiff filed an EEOC complaint against a black Circuit Clerk in 1995 and 2002; (4) Cook promoted black clerks instead of plaintiff; (5) Cook did not accept plaintiff's offer to help out in the main office on Friday afternoon, (6) she and Cook supported different African-American candidates for the Circuit Clerk's election; and (7) Cook's demeanor toward plaintiff was unpleasant.

Plaintiff's testimony that Cook discriminated against her based upon her race is not relevant as plaintiff's EEOC charge against Cook is based upon retaliation for filing EEOC charges against previous Circuit Clerks, not discrimination based upon race.  Claims brought in court which are not within the scope of the EEOC charge are not allowed as such a procedure "would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 633 (8th Cir. 2006).

Plaintiff's testimony that Cook made a statement many years ago that plaintiff would never advance any higher in the clerk's office, that Cook did not accept plaintiff's offer of help and Cook's demeanor toward plaintiff was demeaning is insufficient to establish a causal link between the protected activity and the adverse employment action.

Even if plaintiff had established a *prima facie* case of retaliation, Cook has proffered legitimate, nondiscriminatory reasons for her decision not to hire plaintiff for the chief deputy clerk, real estate, or floater positions.  Plaintiff testified that Cook told her that the chief deputy clerk would not be filled because Cook would return to that position upon the election of the new Circuit Clerk and that the new Circuit Clerk would make the hiring decision on the floating

clerk.  Moreover, the real estate clerk position had either been filled by Jurleen Terrall who was hired in October of 2005 or by Stacie Burress who was hired in May of 2006 which was prior to the time that plaintiff alleged she was discriminated against by not being promoted to that position.

Plaintiff has failed to come forward with any evidence that these stated reasons were a pretext for retaliation.

II.  *Plaintiff's 2007 Claims Against Defendant Branch For Race and Retaliation Discrimination*

Title VII prohibits an employer from discriminating against an employee with respect to terms, conditions or privileges of employment because of an employee's race.  42 U.S.C. § 2000e-2(a)(1).   To establish a *prima facie* case of racial discrimination based upon a failure to promote, the plaintiff bears the burden of establishing: (1) she is a member of a protected class; (2) she applied and was qualified for promotion; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead.  *See Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 936 (8th Cir. 2007).   "Additionally, in cases of 'reverse discrimination' where, as here, plaintiffs are not members of a protected class, this court has held that the plaintiff must demonstrate 'background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority'."  *Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 719 (8th Cir. 2006) (quoting *Zambetti v. Cuyahoga Cmty. College*, 314 F.3d 249, 255 (6th Cir. 2002)).

Branch made four promotions, transfers, or hires relevant to plaintiff's EEOC complaint. Branch appointed Cook as the chief deputy, rehired Janice Turner as the real estate clerk, and hired Gina Viray-Raley and Chitquita Little as new employees with salaries of $19,000.00.

Plaintiff concedes that she does not consider the hiring of Viray-Raley or Little as either racially discriminatory or retaliatory because both were paid $5,000 a year less than plaintiff. However, plaintiff contends that when Branch hired Cook as the chief deputy and Turner as the real estate clerk, Branch discriminated against her.  She contends that she applied for Cook's and Turner's positions when she talked to Branch about getting a raise or moving back to the main office, and that she suffered an adverse employment action when Cook and Turner were hired because they both were located in the main office and both were paid more than plaintiff.

The Court finds that plaintiff has established that she applied for and was qualified for the positions for which Cook and Turner were hired, and that she was rejected.  However, she has failed to establish that Cook and Turner were similarly situated to her.  Turner had more experience in the real estate division of the clerk's office and Cook had previously served as the Circuit Clerk.

Plaintiff has also failed to present sufficient evidence of background circumstances to support the suspicion that these defendants were the unusual employers who discriminate against the majority.  The fact that plaintiff filed an EEOC complaint against another African-American Circuit Clerk unrelated to the instant case is insufficient to establish a reverse discrimination *prima facie* case.   Moreover, during Branch's term, she made two employee disciplinary decisions.  She dismissed one employee and reprimanded another.  Both of these employees were African- Americans.

Even if plaintiff had succeeded in her *prima facie* case, Branch has provided legitimate nonretaliatory and nondiscriminatory reasons for her actions.  Cook had served two years as the Circuit Clerk and Turner had more experience in the real estate division.  Plaintiff has not shown that these reasons were pretextual.  *See Gilooly v. Mo. Dep't of Health & Senior Svcs*., 421 F.3d 734, 739 (8th Cir. 2005).

In her retaliation claim against Branch, plaintiff must establish a *prima facie* case by showing that she engaged in a protected activity, that a reasonable employee would have believed Branch's failure to raise her salary, promote her or move her to the main office was materially adverse; and that the Branch's actions were causally linked to the protected conduct.  See *Weger v. City of Ladue*, 500 F.3d at 726.  Plaintiff has established the first two elements of her *prima facie* case; however, she has failed to establish that there was a causal connection between the two.  The temporal proximity between the protected activity and Branch's actions is too remote, *see Strate v. Midwest Bankcentre, Inc*., 398 F.3d at 1020; *Smith v. Allen Health Sys., Inc*., 302 F.3d at 832-33, and her remaining evidence is insufficient.

Plaintiff testified that Branch made two remarks which were evidence of discrimination.  Plaintiff testified that when she talked to Branch in February of 2007 about moving back to the main office, they spoke of plaintiff's failure to support Cook's candidate for Circuit Clerk in the 1995 race and plaintiff stated "I thought this would be over with by now" and  Branch responded, "No.  It's not.  And I don't know that it ever will be."   Plaintiff also testified that Branch stated in 1995 that plaintiff should not work for the county because plaintiff had filed a lawsuit against the county.  Plaintiff's testimony regarding the remarks made by Branch that she should not work for the county is too remote in time.  The February, 2007, remark relates more

to Cook's and plaintiff's relationship than to Branch's and plaintiff's relationship. *Cf. Yates v. Douglas*, 255 F.3d 546 (8th Cir. 2001) (stray remark by decision-maker not sufficiently related to the adverse employment action does not support an inference of racial discrimination).

Even if plaintiff had established a *prima facie* case, for the same reasons stated in plaintiff's race discrimination claim against Branch, *e.g.*, Cook's and Turner's qualifications and experience, she has failed to provide sufficient evidence that Branch's legitimate nonretaliatory and nondiscriminatory reasons for her actions were a pretext for discrimination.

III.  *Conclusion*

Plaintiff's complaint is dismissed with prejudice.  Judgment will be entered accordingly

IT IS SO ORDERED THIS  11  day of   July  , 2008.


James M. Moody
United States District Judge